McKinney, J.,
delivered the opinion of the Court. _
The demurrer was properly allowed by the Chancellor, on the ground that there is no equity in the bill.
The bill alleges that, in January, 1857, the complainants purchased from the defendants a lot of ground, containing upwards of seven acres, situate in Cotton Grove, Madison county, at the price of $1500 00; for which they executed and delivered to the defendants, their two notes, each for $750 00, payable at twelve and twenty-four months from date, and took from the defendants “a deed for said land, with warranty of title.”
It. is further alleged, that complainants have recently been informed, that the defendants “ did not have a good title, in fee simple, to said land.” * * That they “claim, under a certain Mrs. - Smith, who had no estate in fee simple, or no power to convey such an estate; and that no good title can be made.”
*437 There is no allegation that the complainants have been evicted from, or disturbed in the possession of the land purchased from the defendants; nor is there any direct charge of fraud in the sale; neither is it intimated that the defendants are not perfectly solvent. The deed of conveyance executed by the defendants, to the complainants, is not exhibited in the record. It is stated in argument that, in addition to the covenant of warranty, as alleged in the bill, it likewise, contains a covenant of seizin. This statement we cannot notice, not being averred in the bill. But, even if it were presented in such form as that we might legitimately consider it, the result would not be changed.
1. It is well settled, that, when the purchaser of land has taken a deed of conveyance, with a covenant of general warranty, under which he has been let into possession, he cannot — in the absence of fraud — before eviction, on the ground merely of defect of title in the vendor, claim, in equity, either to have the contract rescinded, or to resist the payment of, or have refunded, the purchase money. He must, in such case, be left to his remedy at law, on the covenant of warranty in his deed. 8 Humph., 516.
2. If there be a covenant of seizin, the vendee has an immediate and perfect remedy at law, on such covenant, to which he must resort. In such case, a Court of Equity will not interpose, unless upon the ground of fraud, or the insolvency of the vendor, or some other distinct ground of equitable jurisdiction. 4 Humph., 66; 6 Humph., 309.
Decree affirmed.